UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE IRVINE COMPANY, LLC,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>SUSAN CARRE, et. al.,<br><br>　　　　　　　　　　Defendants. | Case No.:  23cv01500 JAH-WVG<br><br>**ORDER REMANDING ACTION** |

On October 1, 2022, Plaintiff The Irvine Company LLC filed a complaint in the Superior Court of California, County of San Diego for unlawful detainer against Susan R. Carre, Charlene Nutton and Does 1 to 10 inclusive.  The complaint only alleges a state law claim and is a limited civil case with a demand under $25,000.  Defendant Susan Carre, appearing *pro se*, filed a notice of removal on August 15, 2023.  For the reasons set forth below, this Court finds it lacks jurisdiction over the complaint and, therefore, *sua sponte* remands the matter to state court for all further proceedings.

## DISCUSSION

**I.    Legal Standard**

The federal court is one of limited jurisdiction. *Kokkoken v. Gardian Life Ins. Co.*, 511 U.S. 375, 377 (1994).  As such, it cannot reach the merits of any dispute until it

confirms its own subject matter jurisdiction. *See Steel Co. v. Citizens for a Better Environ.*, 523 U.S. 83, 94 (1998). Thus, at any time during the proceedings, a district court may *sua sponte* remand a case to state court if the court lacks subject matter jurisdiction over the case. 28 U.S.C. § 1447(c).

Removal jurisdiction is governed by 28 U.S.C. § 1441 et seq. A state court action can be removed if it could have originally been brought in federal court. *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Thus, a party invoking the federal removal statutes must establish jurisdiction by demonstrating the existence of: (1) a statutory basis; (2) a federal question; or (3) diversity of the parties. *See Ely Valley Mines, Inc. v. Hartford Acc. And Indem. Co.*, 644 F.2d 1310, 1314 (9th Cir. 1981). District courts must construe the removal statutes strictly against removal and resolve any uncertainty as to removability in favor of remanding the case to state court. *Boggs v. Lewis*, 863 F.2d 662, 663 (9th Cir. 1988). The burden is on the removing party to demonstrate federal subject matter jurisdiction over the case. *See Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988).

## II. Analysis

Upon review of the notice of removal and the complaint, this Court finds it appropriate to *sua sponte* remand the case to state court because the notice of removal fails to establish a proper basis for this Court's jurisdiction. The complaint asserts a single cause of action for unlawful detainer which does not arise under federal law. Defendant asserts violations of her constitutional rights during the state court proceedings. A federal defense is insufficient to establish federal question jurisdiction. *See Caterpillar*, 482 U.S. at 392 ("[F]ederal jurisdiction exists only when a federal question is presented on the face of the plaintiffs properly pleaded complaint.") Plaintiff's complaint for unlawful detainer fails to support federal question or diversity jurisdiction. Accordingly, the Court deems it appropriate to *sua sponte* remand the matter to state court.

//
//

**CONCLUSION AND ORDER**

Based on the foregoing, IT IS HEREBY ORDERED the instant complaint is *sua sponte* REMANDED to state court for all further proceedings.

DATED:   September 13, 2023

_____
JOHN A. HOUSTON
United States District Judge